**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    vs.                          No.    08 CR 0115

**SAMUEL VOLPENDESTO,**

    **Defendant.**

**MOTION FOR PRE-TRIAL RELEASE**

NOW COMES the Defendant, **SAMUEL VOLPENDESTO**, by his attorney, EDMUND P. WANDERLING, and moves this Honorable Court to release SAMUEL VOLPENDESTO pending trial and in support whereof states as follows:

    1.    That the Defendant, SAMUEL VOLPENDESTO, stands charged with one (1) other individual, MARK POLCHAN, with conspiracy to maliciously damage, by means of explosive, a building; maliciously damaging the same building and using or carrying a destructive device.

    2.    The Defendant acknowledges the serious nature of the allegations against him and this motion in no way is any attempt to deprecate the seriousness of said charges.

    3.    That Mr. Volpendesto is an eighty four (84) year old man in poor health.

4. That Mr. Volpendesto suffers from the following illnesses, to wit: bladder cancer, heart disease (he has had a triple bypass), loss of hearing, two artificial knees, poor blood flow, high cholesterol and a carotid artery. In addition he suffers from a herniated disc at L5 and suffers from sleep apnia. Further, he also needs the assistance of an oxygen machine. (See attached Group Exhibit 1)

5. That Mr. Volpendesto is on 8 different medications for his illnesses, to wit: amlodipine benazepril, meclizine, vicotin, urocatrel, lipitor, cymbalta, mirapex and erythromycin.

6. That Mr. Volpendesto is presently under the care of three different doctors for his illnesses, to wit:  Dr. Louis McKeever, Dr. Harchiason Kalsi and Dr. Joseph Nuzzarello.

7. That we are not asking for a recognizance bond pursuant to 18 U.S.C. 3142(b), there are however conditions or a combination of conditions as set forth in 18 U.S.C. 3142(e) which would assure the public safety and Mr. Volpendesto's appearance.

8. That Mr. Volpendesto has no criminal convictions and has no background of violence and as such we submit he is no danger to the community.

9. That Mr. Volpendesto has resided in the Chicagoland area for 80 of the 84 years he has lived. The 4 years he was not residing in the Chicagoland area was when he was serving the United States of America during World War II.

10. That during his service to our country in World War II, Mr. Volpendesto was a decorated war hero earning 7 Medals including the bronze star. (See attached Group Exhibit 2)

11. That Mr. Volpendesto resides in Oak Brook, Illinois, and has so resided there for over 20 years. He is married to his wife Helen. That he and Helen own their home at 3016 Lincoln

Road, Oak Brook, Illinois.

12. That Mr. Volpendesto's wife Helen is willing to act as third party custodian for her husband and she is willing to secure his bond with their home.

13. That their home was appraised at $625,000.00 in 2006 when they received a home equity loan. We would note that in said appraisal, a vacant lot across the street from Mr. Volpendesto's home at 3015 Lincoln Road sold for $700,000 on June 19, 2006 and a home down the block at 3007 Lincoln sold for $829,000 on June 9, 2006. (See attached Exhibit 3).

14. That Mr. Volpendesto's only lien on the property is a home equity loan which has a balance of less than $52,000.00. (See attached Exhibit 4).[1]

15. That even taking the two (2) year old appraisal into account, the Volpendesto's have over $550,000 in equity in their home.

16. That this home is the Volpendesto's primary asset.

17. That pursuant to 18 U.S.C. 3142(c), this Court can release Mr. Volpendesto subject to conditions or a combination of conditions set forth:

> (c) **Release on conditions**. - (1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –
> (A) subject to the condition that the person not commit a Federal, State, or

---

[1] That at the time this indictment was filed under seal, the initial bail was set at $250,000.00. Second, we are offering double that amount as security. (See attached Exhibit 5)

        local crime during the period of release; and

(B)     subject to the least restrictive further condition, or combination of conditions, that such judicial offer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person –

    (i)     remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial offer that the person will appear as required and will not pose a danger to the safety of any other person or the community.

    (ii)     maintain employment, or, if unemployed, actively seek employment;

    (iii)     maintain or commence an educational program;

    (iv)     abide by specified restrictions on personal association, place of above, or travel;

    (v)     avoid all contact with an alleged victim of the crime and with a potential witness who may testate concerning the offense;

    (vi)     report on a regular basis to a designated law enforcement agency, Pretrial Services agency, or other agency.

    (vii)     comply with a specified curfew;

    (viii)     refrain from possessing a firearm, destructive device, or other dangerous weapon;

    (ix)     refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

    (x)     undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a

      specified institution if required for that purpose;

  (xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

  (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

  (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

  (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18. That Mr. Volpendesto would agree to abide with any conditions the Court sees fit including but not limited to the following:

 a. That he reside at 3016 Lincoln, Oak Brook, Illinois, with his wife as a third-party custodian;

 b. No possession of firearms. If there are firearms in the house, they will be removed from the house;

      c.      The Defendant must surrender his passport and not obtain an additional passport;

      d.      No use or possession of unlawful drugs.

      e.      The Defendant submit to drug testing and treatment as Pretrial Services may direct;

      f.      Travel be restricted to this jurisdiction;

      g.      Report daily by phone and weekly in person to Pretrial Services.

19.      That further and more importantly, Mr. Volpendesto has significant security to post for bond. Mr. Volpendesto and his wife have agreed to pledge the equity in their home and execute a Forfeiture Agreement for security for his bond. This home is basically everything Mr. and Mrs. Volpendesto have financially.

## ARGUMENT

The mere fact that an individual is charged as alleged in this cause is not in and of itself enough to detain an individual pending trial. Since the Defendant cannot rebut the existence of probably cause, "the dangerousness of the charge does not ipso facto provide for the detention of the Defendant." <u>United States v. Savides</u>, 635 F.Supp. 1399 (N.D. Ill.1987). The predominant concern in this cause should be towards the presumption of innocense, inasmuch as the Defendant needs to be able to prepare this cause for trial. As the court may or may not know, many individuals have been shipped by the Metropolitan Correctional Center to jails in counties including out of state facilities, making trial preparation cumbersome, if not impossible.

Numerous cases in the Seventh Circuit and throughout the country, with far more evidence adduced against a Defendant and far more allegations of violence, have resulted in the Courts issuing

bonds for the defendants.  In <u>United States v. Patriarca</u>, 948 F.2d 789, (1st Cir. 1991).  A crime boss charged with RICO, under stringent conditions, was released similar to the conditions proposed here.  <u>United States v. Traitz</u>, 807 F.2d 322 (3d Cir. 1986), the defendant was charged with numerous offenses, including extortion, acts of intimidation, violence and obstruction of justice.  <u>United States v. Chimurenga</u>, 760 F.2d 400 (2d Cir. 1985), the defendants were charged with RICO conspiracy to commit three (3) armed robberies, conspiracy to commit three prison escapes and weapon offenses.  <u>United States v. Lopen</u>, 827 F.Supp. 110, the defendant was released, after being charged with cocaine trafficking.  <u>United States v. Clark</u>, 791 F.Supp. 259 (E.D. Wash. 1992), the defendant was charged with drug offenses and arrested for another offense, shortly after being released on bond.  <u>United States v. Infelise</u>, 934 F.2d 103 (7th Cit. 1991) two defendants were charged with a racketeering conspiracy, including acts of extortion and two murders, and were released on bond.

  Detention under the Bail Reform Act should be considered the exception rather than the rule.  <u>United States v. Torres</u>, 929 F.2d 291, 292 (7th Cir. 1991).  Pretrial detention is still an exceptional step.  The passage of the pretrial detention provision of the 1984 Act did not *"... signal a Congressional intent to incarcerate, wholesale, a category of accused persons awaiting trial."* <u>United States v. Orta</u>, 760 F.2d 887, 890-92 (8th Cir. 1985).  Indeed, Congress intended for the detention of very <u>few</u> defendants.  See S.Rep. 225, 98 Cong. 1st Sess. 6-7, reprinted in 1984 U.S. Code Cong. & Admin.  News at 3189 *("Only a small but identifiable group of particularly dangerous defendants should be detained prior to trial.")* <u>United States v. Cox</u>, 635 F.Supp. 1049, which also stated, *"Some courts have misunderstood the Congressional intent in authorizing pretrial detention of certain criminal suspects."*

**CONCLUSION**

The Defendant herein proposes to this Court that he be placed on electronic monitoring; that he be placed on a curfew. Said conditions would assure the safety of the community and to assure that the Defendant was not a flight risk. In addition, the Defendant and his wife have offered to post his house with equity of over $500,000 as security for his bond.

Mr. Volpendesto is eighty four (84) years old and has no prior criminal convictions. He suffers from numerous serious health issues which require numerous medications and constant health care which he would not receive at the M.C.C.[2] In addition, he is scheduled for a medical procedure on August 25, 2008 relative to his bladder cancer. The Defendant has not shown this Court that he would not agree with any missives of the Court concerning bond. He has not shown to be a recidivist and therefore the Defendant feels that the presumption of innocence should rule in this cause and this Court should release the Defendant on bond in order to receive proper health treatment and to prepare this cause for trial.

WHEREFORE, the Defendant, SAMUEL VOLPENDESTO, prays this Honorable Court:

(a)   release the Defendant per the conditions, as the Court deems appropriate.

Respectfully submitted,

s/ Edmund P. Wanderling
Attorney for Samuel Volpendesto

---

[2] It must be noted that Mr. Volpendesto is being held in segregation at the MCC. Such is trying on a young man in good health let alone an 84 year old in poor health.

EDMUND P. WANDERLING
Attorney at Law
2505 So. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400